**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CLIFTON LAMONTE YOUNG,
*Defendant-Appellant.*

No. 01-4598

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

STEVEN LAMONTE STANLEY, a/k/a
Doc, a/k/a Azar,
*Defendant-Appellant.*

No. 01-4599

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DIVINE SHABAZZ, a/k/a Lamar
Martin,
*Defendant-Appellant.*

No. 01-4604

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry C. Morgan, Jr., District Judge.
(CR-00-344)

Submitted: April 23, 2002

Decided: May 22, 2002

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Charles Arthur Gavin, BLACKBURN, CONTE, SCHILLING &
CLICK, P.C., Richmond, Virginia; David Whaley, MORCHOWER,
LUXTON & WHALEY, Richmond, Virginia; William Rogers,
FRAMME LAW FIRM, Richmond, Virginia, for Appellants. Paul J.
McNulty, United States Attorney, John S. Davis, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Steven Lamonte Stanley, Clifton Lamonte Young, and Divine Sha-
bazz were convicted of conspiracy to use and carry a firearm during
and in relation to the crime of car-jacking. *See* 18 U.S.C.A. § 924(o)
(West 2000), 18 U.S.C.A. § 924(c) (West 2000), 18 U.S.C.A. § 2119
(West Supp. 2001). Stanley was sentenced to 240 months of incarcer-
ation. Young received a sentence of 228 months. Shabazz was sen-
tenced to a term of 235 months. Finding no error, we affirm the
convictions and sentences.

Appellants challenge the sufficiency of the evidence to convict
them of conspiracy to use or carry firearms in a car-jacking when they
neither carried nor used the guns and did not agree before the fact to

car-jack the victim's car. Young drove the band of robbers to the site where the victim was accosted, led the band to the site where the victim was murdered, led the party to a safe house, and provided transportation for the passengers in the car-jacked car after it was crashed. Stanley struck the victim in the back of the head prior to the gunshot that killed him, helped clean the stolen car at the safe house after the murder, and took the stolen car on a joyride before it was crashed. Shabazz was party to the original agreement to obtain money through robbery, was present at the scene of the murder, and, after the murder, drove the victim's car on the joy-ride that ended when he crashed the car. We find that Appellants knowingly and voluntarily agreed to commit criminal acts in concert with each other and the other persons involved in the car-jacking and murder, and that they knew of the presence of firearms during the commission of the crimes. *See United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Accordingly, we find there was sufficient evidence to support Appellants' convictions.

Appellants appeal their sentence as an incorrect application of the Sentencing Guidelines. A challenge to the district court's sentencing guideline selection is reviewed de novo. *United States v. Davis*, 202 F.3d 212, 217 (4th Cir.), *cert. denied*, 530 U.S. 1236 (2000); *see also United States v. Lambert*, 994 F.2d 1088, 1091 (4th Cir. 1993). We find that the district court properly applied *U.S. Sentencing Guidelines Manual* § 2K2.1 (2000) to the offense of conviction, 18 U.S.C.A. § 924(o).

Appellants' convictions and sentences are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*